IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00077-GPG-JPO

LASHAWNDA WRIGHT, and
BERNARD MYLES ALBURY,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF PITKIN COUNTY,
SILVERTREE PROPCO, LLC,
SNOWMASS, and
ASPEN AIRPORT-ASE,

      Defendants.

---

### REPORT AND RECOMMENDATION THAT MOTION FOR ATTORNEY FEES BE GRANTED

---

**James O'Hara, United States Magistrate Judge**

This matter comes before the Court for a Report and Recommendation[1] on Defendant Board of County Commissioners of Pitkin County's ("the County") April 25, 2024 Motion for Attorney Fees (ECF No. 138), which was referred to the undersigned by order dated July 31, 2024 (ECF No. 144). The undersigned considers the motion pursuant to 28 U.S.C. § 636(b).

---

[1] There is some uncertainty as to whether a motion for attorney fees is a non-dispositive matter that the undersigned can resolve conclusively with an order pursuant to Fed. R. Civ. P. 72(a), or a dispositive matter that the undersigned must address via a recommendation to the District Judge pursuant to Fed. R. Civ. P. 72(b). Relying on Fed. R. Civ. P. 54(d)(2)(D) (the court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) <u>as if it were a dispositive pretrial matter</u>") (emphasis added), *ClearOne Communications, Inc v. Bowers*, 509 Fed.Appx. 798, 804 (10th Cir. 2013), seems to imply that the correct procedure is for the undersigned to treat the matter as a dispositive one and proceed via Recommendation.

1

After reviewing the motion, the Plaintiffs' response (ECF No. 143), the entire case file and the applicable case law, the court **RECOMMENDS** that the motion be granted.

## BACKGROUND

The facts pertinent to this motion are straightforward. According to the Second Amended Complaint (ECF No. 111), the Plaintiffs are residents of Florida who traveled to Aspen, Colorado for a vacation in January 2020. While at the Aspen Airport, the Plaintiffs attempted to board a shuttle bus, but Ms. Wright slipped on a patch of ice and fell, sustaining physical injuries.[2] On January 12, 2022,[3] the Plaintiffs commenced this action, asserting claims sounding in premises liability under C.R.S. § 24-100-106(d) *et seq.* against "Aspen Airport: ASE, a Colorado Quasi-Public Entity." (ECF No. 4). This initial Complaint did not name the County as a Defendant.

In April 2022, the Aspen Airport moved to dismiss the claims against it (ECF No. 30), arguing that it was not an entity subject to suit and that the proper Defendant for the Plaintiffs' premises liability claims would be the County. In July 2022, the Plaintiffs voluntarily dismissed their claims against the Airport (ECF No. 44), and the case proceeded against other Defendants. Ten months later, on March 7, 2023, the Plaintiffs filed an Amended Complaint (ECF No. 90)

---

[2] The Plaintiffs asserted additional claims against additional Defendants arising out of other events that occurred during their vacation, but those events are not germane to the County's request for attorney fees.

[3] The Plaintiffs' counsel initiated this action in the Court's Electronic Filing System on January 12, 2022 (ECF No. 1), but did not promptly file a Complaint. On January 13, 2022, the Clerk's Office terminated the case for lack of an initiating document (ECF No. 2). On January 16, 2022, the Plaintiffs moved (ECF No. 3) to reopen the case, citing to certain technical issues that prevented filing, and filed a Complaint (ECF No. 4) on January 17, 2022. On January 19, 2022, the Court granted (ECF No. 7) the motion to reopen the case. The analysis of the instant motion for attorney fees is not affected by whichever date is chosen as the actual date on which this case was commenced, and for ease of discussion, the Court will treat the case as properly commenced on January 12, 2022.

that, for the first time, named the County as Defendant on the premises liability claim.[4] The County moved (ECF No. 98) to dismiss the claims against it, arguing that: (1) the claim was untimely under the applicable two-year statute of limitation, C.R.S. § 13-80-102(1)(a), as measured from the March 2023 Amended Complaint; (2) the Plaintiffs failed to file a timely and complete Notice of Claim prior to suit as required by the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 24-10-109(1); and (3) that the Plaintiffs failed to allege facts showing that the County had actual notice of the dangerous condition.

On March 29, 2024, District Judge Gallagher orally granted (ECF No. 133, 142) the County's motion to dismiss, finding that: (1) the premises liability claim asserted against the County in the Amended Complaint was untimely and that Fed. R. Civ. P. 15(c) did not allow that claim to relate back to the initial filing date of the lawsuit; and (2) that any Notice of Claim filed with the County by the Plaintiffs was untimely. Upon granting the motion, Judge Gallagher also awarded fees and costs in favor of the County pursuant to C.R.S. § 13-17-201. (ECF No. 142 at 36).

That leads to the instant motion. On April 25, 2024, the County timely moved (ECF No. 138) for an award of $29,204 in attorney fees, reflecting approximately 150 hours of attorney time (plus a negligible amount of staff time) at rates of $175-$200 per hour. In response (ECF No. 143), the Plaintiffs argued that: (1) a 2022 amendment to C.R.S. § 13-17-201(2) provides that the award of fees for pretrial dismissal of state claims may be avoided where the plaintiff's claims are brought in good faith; (2) that the Plaintiffs' claims here meet that "good faith" standard, both substantively and procedurally; and (3) that, in any event, the Court's dismissal

---

[4] The Plaintiffs filed a Second Amended Complaint in May 2023. The contents of that filing do not materially alter the analysis herein.

occurred under Fed. R. Civ. P. 15 and not Fed. R. Civ. P. 12, bringing this case outside the application of C.R.S. § 13-17-201.[5]

## ANALYSIS

### A. Good-faith exception to fee-shifting statute

C.R.S. § 13-17-201(1) states "where [an action for personal injury under Colorado law] is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure,[6] such defendant shall have judgment for his reasonable attorney fees in defending the action." Fee awards under the statute are mandatory. *Crandall v. City and County of Denver*, 238 P.3d 659, 660 (Colo. 2010). If the statutory conditions are met, the statute "leaves nothing to the discretion of the trial court except to determine what is a reasonable fee." *Id.* at 263.

As the Plaintiffs note, in 2022, the Colorado legislature added a good faith exception to the statute. Newly-added C.R.S. § 13-17-201(2) provides that the mandatory fee-shifting provision "does not apply to any claim that is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation." The statutory good faith exception contains a procedural requirement: the plaintiff must have "pleaded, in its complaint..., that the dismissed claim was made for one of the express purposes stated in this subsection [ ] and identified the precedent, law, or regulation the party seeks to extend, limit, modify, or reverse, or whether the issue to be decided is a matter of first

---

[5]The Court summarily rejects the latter argument. Rule 15(c)'s relation back standards are an interpretive rule for calculating filing dates for purposes of a statute of limitations analysis, not a substantive rule that itself allows for dismissal of a defective pleading. There is no meaningful dispute that Judge Gallagher dismissed the Plaintiffs' claim against the County pursuant to Rule 12(b), due to the claim being barred by the statute of limitations.

[6]In diversity actions such as this one, the statute applies with equal force where dismissal of state law claims is instead secured via Fed. R. Civ. P. 12(b). *Brody v. Bruner as Trustee of the Bruner Family Trust*, 2024 WL 1912555 at *10, n. 15 (10th Cir. May 1, 2024) (slip op.)

impression." *Id.* Although there is no published caselaw addressing which party bears the burden of proof of compliance (or not) with the statutory terms, it is reasonable to assume that the plaintiff, as the party invoking the exception and having the obligation to plead, bears the burden of proving that it satisfied the statute's requirements.

For purposes of determining the Plaintiffs' compliance with the good faith provisions of C.R.S. § 13-17-201(2), the operative pleading is the Plaintiffs' Second Amended Complaint of May 24, 2023 (ECF No. 111). Judge Gallagher dismissed the Plaintiffs' claim against the County on two alternative grounds: that the claim was brought outside the statute of limitation applicable to premises liability claims, and the claim was barred by the CGIA due to noncompliance with the Notice of Claim requirement. Thus, to avail themselves of the good faith exception in C.R.S. § 13-17-201(2), the Plaintiffs must satisfy the statute's procedural pleading requirements of that statute with regard to both issues. For purposes of this Recommendation, however, the Court need only address the statute of limitations issue. As relevant here, the Plaintiffs' Second Amended Complaint pled as follows:

> Plaintiffs bring this lawsuit in good faith under C.R.S. § 13-17-201(2), for the express purpose of clarifying, extending, and/or modifying the law as to relation back of amended complaints under F.R.C.P. 15(c)(1)(C); *Garrett v. Fleming,* 362 F.3d 692 (10th Cir. 2004); and other law cited in Defendant [County's] recent Motion to Dismiss (Doc. 98) on the issue of relation back. Specifically, Plaintiffs seek a finding that the law cited by Defendant [County] is distinguishable from the present facts. And Plaintiffs seek an extension of F.R.C.P. 15(c)(1)(C) to allow for relation back of this Second Amended Complaint to the *nunc pro tunc* filing date (January 11, 2022) of their original Complaint in the factual scenario described above, notwithstanding prior counsel's dismissal of the misnamed defendant without prejudice.

(ECF No. 111, ¶ 35).

Having carefully reviewed the statute, the Plaintiffs' Second Amended Complaint, the parties' briefing, and Judge Gallagher's reasoning, this Court finds that the Plaintiffs did not meet the requirements of C.R.S. 13-17-201(2), at least as it relates to the dismissal of the premises liability claim and the relation back issue. The essence of the good faith exception to C.R.S. 13-17-201(2) is a plaintiff arguing for "extending, limiting, modifying, or reversing existing precedent." In other words, the exception applies where: (1) the plaintiff recognizes that its claim is hampered by existing precedent; (2) the plaintiff proposes an alternative interpretation of that existing precedent (or the outright reversal of it) that would allow the plaintiff's claim to proceed, and (3) the plaintiff offers a good-faith argument for why, under the circumstances presented in the instant case, the reasoning underlying the existing precedent should yield to the alternative interpretation the plaintiff proposes.[7] That is not what occurred here.

In April 2023, shortly after the Plaintiffs filed their Amended Complaint asserting the premises liability claim against the County instead of the Airport, the County moved to dismiss that claim on timeliness grounds. The County's motion included the contention that the Plaintiffs' claims against the County did not relate back to the original Complaint date under precedent interpreting Fed. R. Civ. P. 15(c), including *Garret v. Flemming*, 362 F.3d 692, 696 (10th Cir. 2004) and *Krupski v. Costa Crociere*, 560 U.S. 538, 541 (2010). *See* ECF No. 98 at 8-9. In response to that motion, the Plaintiffs sought leave to further amend the Amended Complaint, specifically for the purpose of incorporating good faith allegations under C.R.S. 13-

---

[7] This is not to suggest that the plaintiff must necessarily articulate all of these aspects in its pleading in order to comply with C.R.S. § 13-17-201(2). This Court is able to resolve the issue here without reaching the question of how much pleading specificity is required. It is sufficient to find that, here, the Plaintiffs failed to proffer any good-faith argument for modification of existing precedent at any stage, whether in their pleading, their response to the County's motion to dismiss, or in oral argument before Judge Gallagher.

17-201(2).  *See* ECF No. 107 at 2.  The Plaintiffs then filed the Second Amended Complaint quoted above.  Reading paragraph 35 of the Second Amended Complaint generously to the Plaintiffs, the only precedent they identify is "*Garrett* [ ]; and other law cited in Defendant [County's] recent Motion to Dismiss" on the relation back issue, *id.*, and they give no real indication of how they seek to have that precedent modified or re-interpreted.

When we jump forward to the Plaintiffs' response to the County's motion to dismiss, the Plaintiffs offered a fairly narrow legal argument with regard to the relation back question.  The core of that argument is as follows:

> [The County's] argument to the contrary relies on a holding that is no longer good law. In short, "[j]udges in the District of Colorado have held that *Krupski* abrogates the Tenth Circuit's holding in *Garrett,* as the Supreme Court intended the Rule 15(c) inquiry to focus on whether a defendant knew or should have known of the possibility of his implication in the suit, rather than the plaintiff's lack of knowledge." [The County's] argument about what Plaintiffs knew or should have known is, at least since *Garrett* was abrogated, irrelevant.

(ECF No. 121 at 5) (footnote omitted).   In other words, the only argument the Plaintiffs offered that addressed existing precedent was that *Krupski,* a U.S. Supreme Court case from 2010, abrogated *Garrett,* a 10th Circuit case from 2004.  The Plaintiffs did not contend that the analysis in *Krupski* required any further modification or re-interpretation.  If anything, it appears that the Plaintiffs believed that the *Krupski* analysis fully favored their relation back argument.  At no point during oral argument did the Plaintiffs argue that there was any precedent addressing relation back for which a change was warranted.  And yet it was *Krupski* that Judge Gallagher relied upon in finding that the Plaintiffs' claims against the County did not relate back to the

7

original Complaint.[8]  (ECF No. 142 at 30-32.)  Thus, this is not a situation where the Plaintiffs recognized that existing precedent blocked their claim and offered a good-faith argument for modifying or reversing that precedent.[9]  Rather, it appears that the Plaintiffs simply misread the existing precedent, misunderstanding how the analysis articulated therein applied to the facts of this case.  The good-faith exception in C.R.S. § 13-17-201(2) may be broad, but it is not so broad as to swallow entirely the fee-shifting rule of C.R.S. § 13-17-201(1) simply because a plaintiff proffered a losing argument.

Accordingly, because the Plaintiffs failed to demonstrate the existence of a good-faith argument for modifying existing precedent relating to the relation back issue, they may not avail themselves of the exception in C.R.S. § 13-17-201(2), and are therefore subject to the mandatory fee-shifting of C.R.S. § 13-17-201(1).

### B.  Calculation of appropriate fee

Once C.R.S. § 13-17-201(1) operates to obligate a plaintiff to pay the defendant's reasonable attorney fees, the method for calculating a reasonable fee is the familiar "lodestar" method.  *See Snyder v. Acord Corporation*, 811 Fed.Appx. 447, 464-65 (10th Cir. 2020).  The Court determines the total number of hours reasonably expended by defense counsel, multiplies that number of hours by a reasonable hourly rate, and then makes certain upward or downward

---

[8] Indeed, Judge Gallagher specifically enunciated the same understanding of *Garrett* as the Plaintiffs brief urged: "The District Court of Colorado has made it clear that *Krupski* shifts the focus from whether a plaintiff actually made a mistake, as the issue is phrased in *Garrett*, to whether the defendant should have known that the plaintiff made a mistake." *Id.* at 31 (internal quotations omitted).  But Judge Gallagher then proceeded to find under the *Krupski* analysis that the Plaintiffs nevertheless failed to show that relation back was proper.

[9] Tellingly, this Court has combed the record in an attempt to reconstruct and articulate precisely what the Plaintiffs' "good faith, non-frivolous [argument for] extending, limiting, modifying, or reversing existing precedent" was, and has been unable to do so.

adjustments based on the particular circumstances of the suit. *Id.* Although it is the movant's—here, the County's— burden to show that the hours and rates requested are reasonable, *see e.g. United Phosphorus, Ltd. V. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000), the Court confines its examination of those issues to disputes specifically raised by the plaintiff. *Snyder*, 811 Fed.Appx. at 465 ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made").

Here, the Plaintiffs have lodged no challenges to the amount or components of the fees claimed by the County's counsel. Thus, the Court will make only a cursory check of the hours and rates claimed by the County. Giving due consideration to the experience and qualifications of those involved, the Court finds that the hourly rates claimed by the County, ranging from $175 to $200 (and $80 for staff), are well within the hourly rates found reasonable by judges of this court. *See e.g. Valdez v. McDonald*, 66 F.4th 796, 837-841 (10th Cir. 2023) (affirming award of up to $575 per hour for attorney time and staff rates of $100-$200 per hour). Turning to the hours expended, the Court notes from the docket that the tasks performed by the County's attorneys in response to the Plaintiffs' claim against the County include: (1) reviewing the Amended Complaint and drafting a motion to dismiss (ECF No. 98); (2) moving to stay discovery pending resolution of the motion to dismiss (ECF No. 99); (3) reviewing the Second Amended Complaint and drafting a motion to dismiss (ECF No. 113); (4) reviewing the Plaintiffs' response to that motion and drafting a reply brief (ECF No. 122); (5) participating in an oral argument before Judge Gallagher on the motion to dismiss (ECF No. 142); (6) drafting the instant motion for attorney fees (ECF No. 138); and (7) participating in the myriad of phone calls, conferrals, emails, reviews, and other routine matters attendant to the substantive proceedings enumerated above. In the absence of any specific challenges from the Plaintiffs, the

Court cannot say that the County's expenditure of a total of roughly 150 hours on all of those tasks cumulatively is patently unreasonable. Accordingly, the Court finds that the County's request for $29,204 in attorney fees is reasonable.

### C. Recommendation

For the reasons set forth herein, this Court **RECOMMENDS** that the County's Motion For Attorney Fees be **GRANTED**, and that the County be awarded $29,204 in fees pursuant to C.R.S. § 13-17-201.

The Court advises the parties that, pursuant to Fed. R. Civ. P. 72(b) and 26 U.S.C. § 636(b), the parties must file any Objections to this Recommendation within 14 days of service of a copy of the Recommendation upon them. Failure to file timely and specific Objections may result in the waiver of further appellate review of the matters addressed herein. *See United States v. One Parcel of Real Prop.,* 73 F.3d 1057, 1059 (10th Cir. 1996).

Dated at Denver, Colorado this 30th day of August, 2024

                                                        s/James P. O'Hara
                                                        James P. O'Hara
                                                        United States Magistrate Judge